J. H. EDWARDS, Adm'r, v. W. WARREN and others.

*Wills, when subsequently acquired lands pass—Instruction to Executors.*

1. A devise of "the whole of my lands" to devisees, includes land acquired by the testator after the publication of his will when no intention to the contrary appears. A subsequent clause in the will here, directing "my other property of every kind not before mentioned to be sold," refers to other personal property.

2. So much of the judgment below as undertakes to settle the rights of the defendants, beyond the instructions to the executor, is not authorized in this proceeding.

(*Tayloe* v. *Bond*, Busb. Eq., 5; *Robinson* v. *McDiarmid*, 87 N. C., 455; *Champion Ex-parte*, Busb. Eq., 246; *Brawley* v. *Collins*, 88 N. C., 605, cited and approved).

CIVIL ACTION tried at Spring Term, 1882, of NORTHAMPTON Superior Court, before *Bennett, J.*

The plaintiff appealed from the judgment of the court below.

*Messrs. Peele & Maynard*, for plaintiff.
No counsel for defendants.

MERRIMON, J. The single question presented in the record for our decision is, whether or not it is the duty of the administrator with the will annexed to sell the land acquired by the testor *after* the publication of his will? The decision of any other question in this action would be beyond our jurisdiction and in-

operative. The action is not brought to construc the will and settle the rights of the devisees and legatees under it, nor are the pleadings adapted to such purpose. Hence, so much of the judgment of the court below as undertook to settle the rights of the parties defendant beyond instructions to the executor, was unauthorized and improper. The action is brought by the executor to obtain the instructions of the court in regard to the discharge of a present duty by him. *Tayloe* v. *Bond*, Busb. Eq., 5; *Robinson* v. *McDiarmid*, 87 N. C., 455.

By the first clause of the will, the testator devises to his mother and grandmother a life estate for their joint lives, and for the life of the survivor of them, in the tract of land designated "as the plantation on which I reside," and he makes other provision for them therein.

It does not appear upon the face of the will that he owned lands at the time of its publication other than the tract devised as above stated; it seems that he did not; it is possible, however, that he did. But be this as it may, he devised the "whole" of the land he then owned to the persons named in the second clause of the will, "at the death" of his mother and grandmother. The second clause provides as follows:

"*Item* 2. At the death of my grandmother and mother above named, I give and bequeath to my sisters, Elizabeth Warren, wife of Wiley Warren, Mary E. Johnson, wife of George T. Johnson, Lucinda Britt, wife of K. R. Britt, Julia A. Brittle, wife of John T. Brittle, Delia Sumner, wife of Isaac Sumner, my nephew W. H. Atkinson, son of J. H. Atkinson, deceased, *the whole of my lands*, to be equally divided among them during their natural lives, and at their death, to their children forever: except the burying-ground, containing a half acre of land, which I reserve as a burying-place for the family."

It will be observed that the testator provides first, for his mother and grandmother; after them the persons named in the above recited clause were the exclusive objects of his bounty. He gave them his whole estate of every nature and kind, after

paying his debts and the costs incident to winding up the same. He devised to them "the whole of my (his) lands." It is manifest that he then intended they should have his lands, and that he had no expressed desire that any part or parcel of them should be sold, nor does it appear that he had any motive to direct a sale of any part of them, nor is there anything in the will that raises a reasonable implication that he intended a sale of them; nor does it appear that he ever afterwards changed his purpose as to any land he owned or acquired up to his death.

Then it is clear that at the time of the publication of the will, the words in the fourth clause, "my other property of every kind not before mentioned be sold," &c., do not embrace or refer to the land, or any part of it. By the terms "other property," was meant such other personal property, farming utensils, wagons, corn, cotton, bacon, &c., as his mother and grandmother might not require. This provision looked to a prompt winding up of his estate, and this view is strengthened in some degree by the fact that he directs in the third clause of the will, that "the personal property" he "loaned to his mother and grandmother should, at the death of the survivor of them, be divided equally among the persons named in the fourth clause (my sisters and nephew before named). This property is not to be sold.

There is no provision in the will, that in terms refers to the land acquired *after* its publication, nor is there anything in the nature or circumstances of its provisions that indicate that such land shall serve any special purpose, or go otherwise, than as the same would do if the will had been executed just before the death of the testator.

Ordinarily, a will is to be construed as having been made immediately before the death of the testator. THE CODE, §2141, provides that "every will shall be construed, with reference to the real and personal estate comprised therein, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will."

There is nothing in the will before us by which it appears that

the testator intended it to be construed as speaking otherwise than at his death. All its provisions may operate and take effect, as if he had executed it just before he died. And so construing it, the "whole" of his lands passed to the devisees, and there is no power, express or implied, conferred upon the executor to sell any part of it for any purpose. *Champion Ex-parte,* Busb. Eq., 246; *Brawley* v. *Collins,* 88 N. C., 605.

Looking at the whole will, the general purpose of the testator, as well as the particular provisions of it, we are satisfied that he did not intend, or provide, that any part of his land should be sold.

The court, therefore, properly held, "that the administrator with the will annexed is not authorized under said will to sell the lands acquired by his testator subsequent to the publication of his will"; and this much of the judgment must be affirmed. Judgment accordingly. Let this be certified.

No error.                       Affirmed.